1  McGREGOR W. SCOTT
   United States Attorney
2  HEIKO P. COPPOLA
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2770

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,    ) CASE NO. 2:05-CR-022 FCD
                                )
12             Plaintiff,       ) STIPULATION ANDORDER REGARDING
                                ) THE DEFENDANT'S SUBMISSION OF
13      v.                      ) DNA SAMPLES
                                )
14 ADRIAN LAMO,                 )
                                )
15             Defendant.       )
   _____)
16

17      The United States, by and through Assistant United States

18 Attorney Heiko P. Coppola, and the defendant, by and through his

19 counsel, Assistant Federal Defender Mary French, enter into the

20 following stipulation regarding the defendant's submission of

21 DNA samples:

22      1.  A convicted felon such as the defendant, Adrian Lamo, is

23 required to submit to DNA testing.  The collection method

24 currently used by the Federal Bureau of Investigation (FBI)

25 involves taking a blood sample.

26      2.  Mr. Lamo asserts that pursuant to his sincerely held

27 religious beliefs, he is not able to provide a blood sample.

28 ///

1

3.  In a recent case before Chief Judge David F. Levi, namely <u>United States v. Elden Leroy Holmes</u>, Case No. 2:02-CR-0349 DFL, the Court addressed the issue of taking a DNA sample from an individual with a sincerely held religious belief against the drawing of blood.  In that case, Judge Levi found that the government's requirement that the defendant submit his DNA sample through a blood sample imposed a substantial burden on his free exercise of religion in violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 14132bb, et seq.

4.  In light of Judge Levi's finding in <u>United States v. Elden Leroy Holmes</u>, the undersigned prosecutor is not convinced that the government can demonstrate a compelling interest in collecting DNA through a blood sample rather than by a buccal sample, in the face of defendant Lamo's assertion of a sincerely held religious belief against taking a blood sample. The government and the defendant agree that for the purpose of resolving this case, buccal samples will be collected from Mr. Lamo in lieu of providing a blood sample.

5. Accordingly, the parties seek an order requiring Mr. Lamo to submit to buccal sample collection within 30 days - on a date to be arranged through his counsel, the prosecutor and the probation officer - by reporting to the United States Probation Office in Sacramento, where eight (8) buccal swabs will be collected from Mr. Lamo by an authorized representative of the FBI, who will take custody of the swabs and make arrangements to have them transported to the FBI laboratory or its authorized representative.  The eight samples will be taken to ensure that enough DNA material is collected to effectuate analysis and

2

1 storage of the DNA sample and to obviate the need to keep the
2 violation petition open while the analysis and uploading to CODIS
3 takes place - a process that will not happen immediately.
4     6.  Additionally, the prosecutor will report to the Court,
5 within five court days of Mr. Lamo's submission of the samples,
6 that he has done so.  The prosecutor shall simultaneously submit
7 a proposed order for dismissal of the violation petition.
8     So stipulated.

DATED:  June 19, 2007            McGREGOR W. SCOTT
                                 United States Attorney


                           By    /s/ Heiko P. Coppola
                                 Heiko P. Coppola
                                 Assistant U.S. Attorney


DATED:  June 19, 2007            DANIEL A. BRODERICK
                                 Federal Defender


                           By    /s/ Mary French
                                 Mary French
                                 Assistant Federal Defender
                                 Counsel for Defendant
                                 Signed per email authority by
                                 Heiko P. Coppola

                               ORDER

Mr. Lamo is ordered to submit to buccal sample collection by reporting, within 30 days of the issuance of this order - on a date to be arranged through his counsel, the prosecutor, and the probation officer - to the United States Probation Office in Sacramento, where eight (8) buccal samples will be collected from Mr. Lamo by an authorized representative of the FBI, who will take custody of the samples and make arrangements to have them
///

3

1  transported to the FBI laboratory or its authorized
2  representative.
3       The prosecutor is directed to report to the Court, within
4  five court days of Mr. Lamo's submission of the samples, that he
5  has done so.  The prosecutor shall simultaneously submit a
6  proposed order for dismissal of the violation petition.
7       The status conference set for June 25, 2007 is VACATED and
8  RESET for Monday, July 30, 2007 at 10:00 a.m.  If the dismissal
9  of the petition is received prior to the status is will be
10 vacated.
11      IT IS SO ORDERED.
12 DATED:   June 21, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE